## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**JEREMEY SCHOUEST**                                    **CIVIL ACTION**

**VERSUS**                                              **NO. 09-7147**

**CRAIG WEBRE, ET AL.**                                 **SECTION "K"**

## ORDER AND OPINION

Currently before the Court is Defendants' "Motion to Dismiss Claims Pursuant to Federal Rule of Civil Procedure 12(b)(6) for Failure to State a Claim Upon Which Relief Can Be Granted." Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons stated below, **GRANTS** the motion in part and **DENIES** it in part.

I.      BACKGROUND

On July 15, 2010, the Court granted defendants' Motion to Dismiss plaintiff's Fourth Amendment claim and instructed plaintiff to amend his complaint to clarify whether at the time of the incidents alleged in his complaint, he was a pretrial detainee or a post conviction state prisoner. (Doc. 22.) Thereafter plaintiff amended his complaint and clearly pleaded that he was a post conviction state prisoner at the time of the incidents alleged in his complaint. (Doc. 32.) Based on that clarification of plaintiff's status, the Court now analyzes defendants' motion to dismiss as to plaintiff's remaining claims.

II.     STANDARD OF REVIEW

In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the original complaint must be taken as true. *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir. 1980). In *Bell Atlantic Corporation v. Twombly*, the Supreme Court "retired" the

*Conley v. Gibson*, 335 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 80 (1957), standard for analyzing a motion to dismiss under Rule 12(b)(6), which held that a district court may not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Noting that the *Conley* pleading standard "is best forgotten as an incomplete, negative gloss on an accepted pleading standard," the Supreme Court announced that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint. *Id.*, 127 S.Ct. at 1969.  "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face."  *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation and citation omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombley*, 550 U.S. at 555, 127 S.Ct. at 1965.  "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his favor, the complaint states any valid claim for relief."  *Lowery v. Texas A & M University System*, 117 F.3d 242, 247 (5th Cir. 1997) (quoting 5 CHARLES A. WRIGHT & ARTHUR R. MILLER, Federal Practice and Procedure, §1357, at 601 (1969)).

III.     LAW AND ANALYSIS

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege that the defendants "deprived him of a right secured by the 'Constitution and laws' of the United States" and that they did so "under color of any statute, ordinance, regulation, custom, or usage of any State." *Fadjo v. Coon*, 633 F.2d 1172, 1175 (5th Cir. 1981) (citing *Adickes v. S.H. Kress & Co.,* 393 U.S. 144, 150, 90 S.Ct. 1598, 1604, 26 L.Ed. 2d 142 (1970)).

2

A.      RESPONDEAT SUPERIOR

Plaintiff claims that Craig Webre and Captain Dean Savoie violated his Eighth Amendment right to be free from cruel and unusual punishment and his Fourteenth Amendment right to due process by ordering him, without taking sufficient precautions for his safety, to ascend a roof to make repairs.  (Doc. 1, p. 3.)

The complaint clearly alleges that plaintiff is suing Craig Webre "in his official capacity as Sheriff for the Parish of Lafourche. State of Louisiana." (Doc. 1, p.1).  "[A]suit against a governmental officer 'in his official capacity' is the same as a suit against the governmental entity for which the officer is an agent." *McMillian v. Monroe County, Ala.*, 520 U.S. 781, 785 n. 2, 117 S.Ct. 1734, 1737 n. 2,  138 L.Ed.2d 1 (1997) (internal quotations and citations omitted). To put it another way, "[o]fficial capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent." *Burge v. Parish of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999).  Victory in an "official capacity suit imposes liability on the entity that [the officer]represents." *McMillian v. Monroe County, Ala.*, 520 U.S. at 785 n. 2, 117 S.Ct. at 1737 n. 2. (internal quotation and citation omitted).

Plaintiff alleges liability for this violation to Sheriff Webre,[1] "as the Sheriff of Lafourche's Sheriff's Department," inasmuch as he "and/or Captain Savoie developed and maintained policies, customs and practices exhibiting deliberate indifference to the constitutional rights of their prisoners . . .." (Doc. 1, p. 3.)  In *Monell v. Dep't of Social Services of the City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L. Ed. 2d 611 (1978), the Supreme Court addressed

---

[1] It is unclear from the complaint whether plaintiff, at this time, brings claims against the Lafourche Parish Sheriff's Department or LaFourche Parish itself.  However, to the extent that such claims are included in plaintiff's complaint, they are susceptible of disposition under the present motion.

the scope of liability under § 1983 as it pertains to municipalities and government officials acting

in their official capacity:

> Local governing bodies [and officials acting in their official
> capacities] . . . can be sued directly under § 1983 for monetary,
> declaratory, or injunctive relief where . . . the action that is alleged
> to be unconstitutional implements or executes a policy statement,
> ordinance, regulation, or decision officially adopted and
> promulgated by that body's officers.   Moreover, although the
> touchstone of the § 1983 action against a government body is an
> allegation that official policy is responsible for a deprivation of
> rights protected by the Constitution, local governments, like every
> other § 1983 "person," by the very terms of the statute, may be
> sued for constitutional deprivations visited pursuant to
> governmental "custom" even though such a custom has not
> received formal approval through the body's official
> decisionmaking channels.

*Id.* at 690-91, 98 S.Ct. 2018 at 2035-36.  However, the Court held,

> [A] local government may not be sued under § 1983 for an injury
> inflicted solely by its employees or agents. Instead, it is when
> execution of a government's policy or custom, whether made by its
> lawmakers or by those whose edicts or acts may fairly be said to
> represent official policy, inflicts the injury that the government as
> an entity is responsible under § 1983.

Plaintiff's allegation that Sheriff Webre "developed and maintained policies, customs and

practices exhibiting deliberate indifference to [plaintiff's] constitutional rights" is conclusory

and is not supported by any facts recited in the complaint.  Also, plaintiff fails to allege that

Sheriff Webre was at any stage involved in Captain Savoie's decision to order plaintiff onto the

roof of the building adjoining the police station.

Additionally, plaintiff's allegation that the order given by Captain Savoie reflects the

"policies, customs [or] practices" of either the Lafourche Sheriff's Department or Lafourche

Parish is belied by the nature of the facts alleged elsewhere in the complaint.  Plaintiff, a

carpenter, alleges that he was ordered to repair a roof without any safety precautions.  For such

facts to be indicative of a policy, custom, or practice, it would be necessary to infer that the roof was not in fact in need of repair but rather that the Lafourche Sheriff's Department had developed an elaborate ruse wherein all prisoners who are, like the plaintiff, carpenters are to be ordered onto the roof of the building adjoining the police station without safety equipment to make repairs without safety equipment.  Such an inference is supported by no factual allegations anywhere else in the complaint, and the Court accordingly declines to draw that inference.  What seems far more plausible is that plaintiff, like the plaintiff in *Monell*, attempts to impute liability through Sheriff Webre to the Lafourche Parish Sheriff's Department and Lafourche Parish itself for the acts of Captain Savoie, an employee of the Parish and a subordinate of Sheriff Webre; *Monell* bars such a claim.

Accordingly, plaintiff has failed to state a claim under § 1983 against Sheriff Webre. Moreover, to the extent that the complaint can be read to impute liability to either the Lafourche Parish Sheriff's Department or to Lafourche Parish itself, plaintiff has failed to state a claim under § 1983 against either entity.

B.      PLAINTIFF'S EIGHTH AMENDMENT CLAIM

At all relevant times herein, plaintiff was a post-conviction state prisoner.  Prison inmates can be required to work.  *Moody v. Baker*, 857 F.2d 256, 257 (5th Cir. 1988).  However, if, in requiring a prisoner to work, a prison official acts with "deliberate indifference to a substantial risk of serious harm" to that prisoner and that prisoner is subsequently injured, the official has violated the prisoner's rights under the Eighth Amendment to be free from cruel and unusual punishment.  *Farmer v. Brennan*, 511 U.S. 825, 828-29, 114 S.Ct. 1970, 1974, 128 L.Ed.2d 811 (1994) (*citing Helling v. McKinney,* 509 U.S. 25, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993); *Wilson*

*v. Seiter,* 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991); *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)).

A prison official acts with deliberate indifference if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837, 114 S.Ct. at 1979. "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence . . . and a fact-finder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Id.* at 842, 114 S.Ct. at 1981.

Plaintiff alleges that he was ordered onto the roof of a building adjoining the police station, without safety precautions of any kind, in order that he might repair the roof itself. Plaintiff further alleges that Captain Savoie did so with deliberate indifference to his safety. A reasonable finder of fact could conclude that Captain Savoie knew of the dangerous condition of the roof from the very fact that it required repair. A reasonable finder of fact could also conclude that, by ordering plaintiff onto the roof without safety precautions, Captain Savoie knew of a substantial risk of serious harm to plaintiff for the very fact that it was he who had created the risk. Accordingly, plaintiff has alleged sufficient facts in the amended complaint to state a claim under § 1983 against Captain Savoie for violation of his right under the Eighth Amendment to be free from cruel and unusual punishment.[2]

      B.     PLAINTIFF'S FOURTEENTH AMENDMENT CLAIM

---

[2] The allegations of the complaint do not indicate whether plaintiff is suing Captain Savoie in his individual capacity, his official capacity, or both. The Court will assume that plaintiff seeks to allege claims against Captain Savoie in his individual capacity. To the extent that plaintiff intended to allege a § 1983 claim against Captain Savoie in his official capacity, the Court dismisses that claim for the same reasons stated with respect to the claim against Sheriff Webre.

In addition to his Eighth Amendment claim, plaintiff claims that defendants violated his Fourteenth Amendment right to due process.  "[C]laims [under § 1983] that are covered by such specific constitutional provisions [as the Eighth Amendment] must be analyzed under the standard appropriate to that specific provision and not under the rubric of substantive due process.  *Calhoun v. Hargrove*, 312 F.3d 730, 735 (5th Cir. 2002) (citing *Graham v. Connor*, 490 U.S. 386, 395, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)).  Because plaintiff urges a violation of his right under the Eighth Amendment to be free from cruel and unusual punishment, the Court must analyze plaintiff's §1983 claim under the standard applicable to Eighth Amendment. Accordingly, his claim under § 1983 predicated on the Fourteenth Amendment must be dismissed.

Accordingly,  **IT IS ORDERED** that the motion is **GRANTED** as to plaintiff's claims under 42 U.S.C. § 1983 against defendant Sheriff Craig Webre;

**IT IS FURTHER ORDERED** that the motion is **GRANTED** as to plaintiff's Fourteenth Amendment claim under 42 U.S.C. § 1983;

**IT IS FURTHER ORDERED** that the motion is **DENIED** as to plaintiff's Eighth Amendment claim under 42 U.S.C. § 1983.

New Orleans, Louisiana, this 23rd  day of November, 2010.

_____
STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE