UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**JEREMY SCHOUEST**                                  **CIVIL ACTION**

**VERSUS**                                                  **NO. 09-7147**

**CRAIG WEBRE, ET AL.**                               **SECTION "K"(2)**

## ORDER AND REASONS

Before the Court is a Motion in Limine (Doc. 58) filed by defendants Craig Webre, Sheriff of Lafourche Parish, and Captain Dan Savoie ("defendants"). Plaintiff was incarcerated at the Galliano Substation of the Lafourche Parish Sheriff's Office for probation violations related to a marijuana conviction. As a trustee, he was ordered by Captain Dean Savoie, a commissioned deputy sheriff of Lafourche Parish, to repair the roof of a boathouse adjacent to the substation that had been damaged by Hurricane Gustav. While doing so, he fell off of the roof when part of it collapsed.

Defendants contend that plaintiff Jeremy Schouest ("Schouest") should be prevented from offering evidence as to any and all Occupational Safety and Health Administration ("OSHA") regulations because they are not applicable to defendants. The thrust of this argument is that Sheriff Craig Webre is not an employer under 29 U.S.C. § 652(5) which defines "employer" and explicitly excludes from that definition a "political subdivision of a state." Sheriffs are considered to be a political subdivision under Louisiana law. La. Rev. Stat. 13:5102(b). In addition, defendants argue that as Schouest was a trustee incarcerated in Lafourche Parish Prison at the time of the accident, Fifth Circuit precedent indicates that he is not an employee. *Loving v. Johnson*, 455 F.3d 562 (5th Cir. 2006) (FLSA not applicable to prisoners as they are not "employees" thereunder); *Dauzat v.*

*Crites*, 237 So.2d 697 (La. App. 4th Cir. 1970) (system whereby inmates are allowed to serve as trustees is for rehabilitation purposes and are not regarded as employees).

As such, defendants maintain that the OSHA standards concerning requirements with regard to fall protection systems are irrelevant and should be excluded under Fed. R. Evid. 402 and in the alternative should be excluded under Fed. R. Evid. 403 because OSHA standards' probative value is substantially outweighed by the danger of "unfair prejudice, confusion of the issues, misleading the jury".

Plaintiff in response points to *Melerine v. Avondale Shipyards, Inc.*, 659 F. 2d 706 (5th Cir. 1981) which sanctions the use of such regulations as evidence of negligence which the trier of fact may accept or reject as it sees fit even when that regulation cannot be used to establish negligence per se. *Id.* at 713 n. 22 citing W. Prosser, *The Law of Torts*, § 36 at 201 (1965); *see also Gray v. American Cyanamid Co.*, 1994 WL 242630, *3 (5th Cir. 1994).

In this case, clearly, OSHA regulations, in particular 29 CFR § 1926.501 concerning fall protection for work performed above 6 feet, is relevant for the purpose of determining whether defendants were negligent in the manner by which the work was performed. However, in accordance with the jurisprudence, the jury will be specifically instructed that such evidence can be accepted or rejected as it sees fit. Accordingly,

**IT IS ORDERED** that defendants' Motion in Limine (Doc. 58) is **DENIED.**

New Orleans, Louisiana, this 26th day of July, 2011.

                                      **STANWOOD R. DUVAL, JR.**
                              **UNITED STATES DISTRICT COURT JUDGE**